UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1105 JVS (RNBx) | Date | October 20, 2014 |
| Title | Ashkan Hejazi v. HBN Media Inc. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Sharon Seffens |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Abbas Kazerounian | Nathan Newman |

**Proceedings:** Defendant's Motion to Dismiss (Fld 9-15-14)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendant's motion and rules in accordance with the tentative ruling as follows:**

Plaintiff Ashkan Hejazi ("Hejazi") filed a Class Action Complaint pursuant to the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant HBN Media, Inc. ("HBN") moves to dismiss Hejazi's Complaint (Docket No. 13) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Hejazi opposes (Docket No. 14) and HBN has replied. (Docket No. 15.)

For the following reasons, the Court DENIES HBN's motion to dismiss.

I. BACKGROUND

For the purposes of the present motion, the Court accepts the following facts alleged in Hejazi's Complaint as true. HBN is a real estate marketing company that provides real estate agents and brokers with software and data capture technologies designed to increase buyer leads. (Compl. ¶ 8.) It "utilizes bulk SPAM text messaging, or SMS marketing, to send unsolicited text messages, marketing and advertizing [HBN]'s events." (Id. ¶ 12.) On or around July 8, 2014, HBN sent an unsolicited text message to Hejazi's cellular telephone, which read: "4 MAJOR Events going on this month! Markets will close out fast. DON'T MISS OUT! Call us today. 855-259-7277 Commissions Inc." (Id. ¶ 13.) The text message was sent by the "long code" telephone number 678-661-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1105 JVS (RNBx)    Date  October 20, 2014

Title  Ashkan Hejazi v. HBN Media Inc.

4304. (Id. ¶ 14.) The message was sent via an "automatic telephone dialing system" ("ATDS") "as defined by 47 U.S.C. §227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A)," and "[t]his ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." (Id. at ¶¶ 17, 18.) Hejazi did not expressly consent to the receipt of this or any other text messages from HBN. (Id. at ¶ 21.)

II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

III. DISCUSSION

HBN argues that Hejazi's Complaint merely "recites the statutory definition of ATDS," and thus does not allege the facts necessary to support a plausible inference that HBN used an ATDS to send the text message in question. (Def.'s Mot. Dismiss, 1). The Court disagrees.

The TCPA was enacted in order to protect the privacy interests of individuals by placing restrictions on unsolicited telephone calls made with ATDS. Satterfield v. Simon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1105 JVS (RNBx) | Date | October 20, 2014 |
| Title | Ashkan Hejazi v. HBN Media Inc. | | |

& Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).
The TCPA, in relevant part, provides:

> "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call[.]"

47 U.S.C. § 227(b)(1). A text message is a "call" within the meaning of the TCPA. Satterfield, 569 F.3d at 954. The statutory definition of "ATDS" "means equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

HBD correctly notes that, in isolation, a mere recitation of the statutory definition of an ATDS would constitute an insufficient, "thread-bare" recital of an element of a TCPA violation. "As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true." Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010); see also Knutson v. Reply!, Inc., 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (TCPA claim dismissed because allegation that defendant used ATDS was not supported by additional facts).

But because whether a defendant used an ATDS is often a fact exclusively within the defendant's possession, the Court cannot expect that the plaintiff will be able to plead the existence of the system with specificity before an opportunity for discovery. See Robbins v. Coca-Cola Co., 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (" 'Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations. . . . Prior to the initiation of discovery, courts cannot expect more.' ") (quoting Gragg v. Orange Cab Co., Inc., 2013 WL 195466, at *2 n. 3 (W.D. Wash. Jan. 17, 2013)). Rather, the Court must consider other contextual facts to determine whether the pleading of an ATDS is sufficient, considering the case as a whole. See, e.g., Kramer, 759 F. Supp. 2d at 1171 (TCPA complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1105 JVS (RNBx) | Date | October 20, 2014 |
| Title | Ashkan Hejazi v. HBN Media Inc. | | |

alleging use of ATDS contained sufficient contextual facts when read as a whole to plausibly state a claim); see also Friedman v. Massage Envy Franchising, LLC, 2013 WL 3026641, at *4 (S.D. Cal. June 13, 2013) (noting that "context is indisputably relevant to determining whether a particular call is actionable under the TCPA").  No single fact in particular must necessarily be present or absent to meet the sufficiency requirement for pleading the use of an ATDS in a TCPA claim; courts have considered the nature of the message, the length of the sending number, the number of messages, and the relationship between the parties.  See e.g., In re Jiffy Lube Int'l, Inc., Text Spam Litigation, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (presence of "short code" sending number was a factor indicating ATDS use despite preexisting personal relationship between parties); Kramer, 759 F. Supp. 2d at 1172 (N.D. Cal. 2010) (impersonal nature of messages, number of messages, "short code" sending number, and lack of relationship with plaintiff all supported inference of ATDS use in TCPA claim); Robbins, 2013 WL 2252646, at *3 (ATDS use inferred based on receipt of numerous text messages promoting Coca-Cola products); Vaccaro v. CVS Pharmacy, Inc., 2013 WL 3776927, at *2 (S.D. Cal. July 16, 2013) (ATDS use inferred based on number of calls, an artificial or prerecorded voice, and the commercial nature of calls); Maier v. J.C. Penney Corp., 2013 WL 3006415, at *4 (S.D. Cal. June 13, 2013) (ATDS pleading sufficient based on single unsolicited and impersonal text message sent via "short code"); cf. McKenna v. WhisperText, 2014 WL 49005629, at *3 (N.D. Cal. Sept. 29, 2014) ( ATDS pleading insufficient when alleged ATDS use was supported only by use of "long code" telephone number and single text message invitation from an "anonymous" friend).

     Here, Hejazi does not make an isolated assertion of ATDS use.  Hejazi's Complaint directly alleges that ATDS was used and alleges additional facts which provide sufficient factual context to infer that HBN used an ATDS to send the text message in question.  The general allegation of ATDS use is supported by the facts that HBN utilizes bulk text message marketing to send unsolicited text messages marketing and advertising its events, that the message was impersonal and commercial in nature, and that Hejazi did not consent to receive this or other unsolicited messages from HBN.

     The Court accepts these facts as true for the purpose of resolving the 12(b)(6) motion. Based on the facts, it is plausible to infer that HBN used ATDS to send the text message in question to Hejazi's cell phone without prior consent, which entitles Hejazi to relief under the FCPA.  Further litigation may reveal that these facts or inferences are inaccurate, but at this stage Hejazi has met the initial burden of stating a claim upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1105 JVS (RNBx)                              Date  October 20, 2014

Title    Ashkan Hejazi v. HBN Media Inc.

which relief may be granted.

IV. CONCLUSION

     For the foregoing reasons, the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED.

     IT IS SO ORDERED.

|  | : | 10 |
|---|---|---|
| Initials of Preparer | kjt | |